was a part of the contract on the part of plaintiffs that the cable and all the other machinery should be painted so as to protect it from the weather. Plaintiffs did not do this but willfully deserted the work without doing it. This want of paint is the only element of danger to the road. The cable, car and almost all the machinery is too bulky to be in danger from thieves or trespassers; the only real good a receiver could do is to paint the cable and lock up the machinery. Under the contract the painting should be done by plaintiffs, and the engine-house can be locked without a receiver. Defendants are solvent, have made no effort to interfere with the possession of the road, etc. The defendants other than Turner alleged that the contract plaintiffs made was with Turner; that they made no such contract with these defendants, nor were they under any legal liability to plaintiffs by reason of the contract or by reason of any of the matters set forth in the action; that defendants were making no effort to interfere with the possession of the road, were in no way controlling it, had in no way interfered with plaintiffs' care of it, nor done anything to take any part of the plant out of the control of plaintiffs.

HALL & HAMMOND, by brief, for plaintiffs.

ROSSER & CARTER and C. T. LADSON, for defendants.

---

THE METROPOLITAN RUBBER COMPANY *et al. v.* THE ATLANTA RUBBER COMPANY *et al.*

The evidence not showing any abuse of discretion by the judge below in refusing to grant an injunction and appoint a receiver, the
*Judgment is affirmed.*

March 26, 1892. By two Justices. Argued at the last term.

Injunction and receiver. Before Judge MARSHALL J. CLARKE. Fulton superior court. January 28, 1892.

The Metropolitan Rubber Co. and the New Jersey

Rubber Shoe Co., creditors by account of the Atlanta Rubber Co., brought their petition for injunction and receiver, in which certain mortgages which had been given by the Atlanta company on its stock of goods, notes, accounts, etc., and which had been foreclosed, were attacked as fraudulent and void as against the petitioners. The pleadings and evidence are voluminous and conflicting, and an extended statement of them would not be useful here. To the denial of an interlocutory injunction and receiver, and to various rulings at the hearing, the plaintiffs excepted.

WALTER R. BROWN and CULBERSON & HUNT, for plaintiffs.

MAYSON & HILL, BLALOCK & BIRNEY and ELLIS & GRAY, for defendants.

---

SALTER et al. v. TILLOTSON et al.

1. Whether this court has jurisdiction by a fast writ of error to adjudicate upon the refusal of the judge to attach pendente lite for the violation of a restraining order, or of an order requiring the payment of money into court in default of giving bond and security for its ultimate payment, quære?

2. Assuming the existence of such jurisdiction, there was no reversible error. Where, upon an equitable petition, an order was granted restraining the defendant from paying out certain money in his hands until the further order of the court, and afterwards the plaintiff presented to the judge a petition alleging that the defendant had paid out this money in violation of the court's order, and praying that he be then required to pay the amount into the registry of the court or give bond for its forthcoming to answer the final judgment in the case, or in default thereof that he be attached for contempt, and it appearing upon the hearing of this petition that the defendant was insolvent, that the money was not in his possession, custody or control, that he was unable to raise that amount, that he could not give the bond required, and that he had paid out the money in good faith and under the honest belief that he was authorized so to do by the judge who had granted the restraining order, and with reason for so believing which the judge deemed satisfactory, this court will not reverse